PEOPLE *v.* HARRISON

1. CRIMINAL LAW—CONSTITUTIONAL LAW—SPEEDY TRIAL.

The United States and Michigan Constitutions both require that a criminal defendant be given a speedy trial (US Const, Am 6; Const 1963, art 1, § 20).

2. CRIMINAL LAW—STATUTES—SPEEDY TRIAL—CONTINUANCES.

Michigan statutory provisions require defendants to be given a speedy trial, and allow continuances only when strict necessity is shown on the record (MCLA §§ 768.1, 768.2).

3. CRIMINAL LAW—SPEEDY TRIAL.

The right to a speedy trial means right to a trial within a reasonable time under all the attendant circumstances as will give the people an opportunity to present its case in court.

4. CRIMINAL LAW—ADJOURNMENTS—GOOD CAUSE FOR ADJOURNMENT—RECORD.

Adjournments which are not supported by good cause shown on the record in appeals arising from future trials in criminal cases will be viewed with great concern.

5. CRIMINAL LAW—CONTINUANCES—ADJOURNMENT—GOOD CAUSE FOR ADJOURNMENT—APPEAL AND ERROR—CONSTITUTIONAL LAW—RIGHT TO APPEAL.

An adjournment of one criminal case with notice it would be dismissed if a defendant did not appeal a second criminal case is not good cause for continuance; furthermore, it is constitutionally obnoxious as such action serves to chill the exercise of a defendant's constitutional right to appeal a criminal conviction and will not be tolerated.

REFERENCES FOR POINTS IN HEADNOTES

[1–3, 7] 21 Am Jur 2d, Criminal Law §§ 241–256.
[4, 5] 21 Am Jur 2d, Criminal Law §§ 236, 237.
[6] 53 Am Jur, Trial § 135.
[8] 21 Am Jur 2d, Criminal Law §§ 376, 378, 533.

6. APPEAL AND ERROR—OBJECTION.

The Michigan Supreme Court has always preserved its right to consider serious errors even in the absence of objection by the party who appeals.

7. CRIMINAL LAW—SPEEDY TRIAL—MOTION FOR SPEEDY TRIAL—CONSTITUTIONAL LAW—ADJOURNMENT.

A motion for speedy trial or for having the charge against him dismissed on the part of the defendant is not necessary when the stated reason for the adjournment of the trial date serves to chill the exercise of a defendant's constitutional right to appeal a criminal conviction.

8. CRIMINAL LAW—JURISDICTION—STATUTES—INMATES—TRIAL.

Trial court had jurisdiction over defendant at the time of his conviction where only 129 days had elapsed from the time he was delivered to the Department of Corrections until his trial (MCLA § 780.133).

Appeal from Court of Appeals, Division 2, T. G. Kavanagh, P. J., and McGregor and Quinn, JJ., denying application for delayed appeal from Recorder's Court of Detroit, Joseph A. Gillis, J. Submitted October 8, 1971. (No. 18 October Term 1971, Docket No. 52,984–1/2). Decided November 9, 1971.

Steven C. Harrison was convicted of breaking and entering with intent to commit larceny. Application for leave to file delayed appeal to the Court of Appeals denied. Defendant appeals. Reversed and new trial granted.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow,* State Appellate Defender, and *Larry R. Farmer,* Assistant Defender, for defendant on appeal.

WILLIAMS, J.   The principal issue before this
Court in this case is whether the defendant Harrison
was deprived of his constitutional right to a speedy
trial.

The defendant was arraigned in Detroit Re-
corder's Court on May 24, 1965, for breaking and
entering with an intent to commit larceny.   After
being bound over, a plea of not guilty was entered
for him on July 22, 1965, and a trial date of August
31, 1965, was set.   The defendant was free on bond
until August 24, 1965, when he was arrested for a
separate, unrelated charge of breaking and entering.

On August 31, 1965, the defendant's trial on the
first charge of breaking and entering, the one in-
volved in this appeal, was adjourned until October
13, 1965, due to the fact that "No Court available
for jury."   On October 13, 1965, the defendant's
attorney was permitted to withdraw, and a new
trial date of October 21, 1965, was set.   The trial
date was again adjourned on October 21, 1965, until
December 7, 1965.   The reason given for this ad-
journment was "Try other pending case first."   On
December 7, 1965, the case was adjourned until Jan-
uary 24, 1966, with no reason given.

Meanwhile, the defendant was convicted of the
second charge of breaking and entering on Decem-
ber 16, 1965, and sentenced to a term of five to ten
years imprisonment.   Subsequently the trial on the
first charge was again adjourned on January 24,
1966, with the reason given as "def. sentenced in
another case—adj. till appeal time expires."   The
defendant filed a claim of appeal from his other
conviction on March 9, 1966, and on April 15, 1966,
the trial of the first charge was adjourned until
June 2, 1966, with no reason given for the adjourn-
ment.   Trial on the first charge finally commenced
on June 2, 1966, the defendant was convicted as

charged, and a sentence of not less than 9, nor more than 10 years imprisonment was imposed.

The defendant's application for leave to file delayed appeal was denied by the Court of Appeals. This Court granted the defendant's delayed application for leave to appeal on November 24, 1970.

The United States and Michigan Constitutions both require that a criminal defendant be given a speedy trial:

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, * * * ". United States Constitution, Amendment 6.

"Sec. 20. In every criminal prosecution, the accused shall have the right to a speedy and public trial * * * " Michigan Constitution, Article 1, § 20.

Michigan statutory provisions require defendants to be given a speedy trial, and allow continuances only when strict necessity is shown on the record:

"768.1 *Speedy trial; right of parties, duty of public officers.* Sec. 1. The people of this state and persons charged with crime are entitled to and shall have a speedy trial and determination of all prosecutions and it is hereby made the duty of all public officers having duties to perform in any criminal case, to bring such case to a final determination without delay except as may be necessary to secure to the accused a fair and impartial trial.

"768.2 *Criminal cases; precedence, adjournment, continuance.* Sec. 2. The trial of criminal cases shall take precedence over all other cases; but this provision shall not be interpreted to mean that trials of civil cases shall not be interspersed between trials of criminal cases triable before a jury at any term of court. *No adjournments, continuances or delays of criminal causes shall be granted by any court except for good cause shown* in the manner pro-

vided by law for adjournments, continuances and delays in the trial of civil causes in courts of record: *Provided, That no court shall adjourn, continue or delay the trial of any criminal cause by the consent of the prosecution and accused unless in his discretion it shall clearly appear by a sufficient showing to said court to be entered upon the record, that the reasons for such consent are founded upon strict necessity and that the trial of said cause cannot be then had without a manifest injustice being done.*" MCLA §§ 768.1, 768.2 (Stat Ann 1954 Rev §§ 28.1024, 28.1025). (Emphasis supplied.)

GCR 1963, 503.1 also states the grounds for granting a continuance:

"Rule 503  *Continuances.*
.1 Policy.  It is the policy of this rule to encourage the diligent preparation and trial of cases.  Continuance for any cause shall not be granted unless a showing is made and the court finds that the grounds for continuance do not arise out of the fault or negligence of the moving party and the court finds that substantial justice more nearly will be obtained." GCR 1963, 503.1.

The right to a speedy trial means right to trial within a reasonable time.  As we stated in *Hicks* v. *Judge of Recorder's Court of Detroit* (1926), 236 Mich 689, 690:

"In view of this constitutional provision it becomes necessary to inquire what a speedy trial means.  We apprehend it means such reasonable time under all the attendant circumstances as will give the people an opportunity to present its case in court.  16 C. J. p. 439.  A speedy trial does not mean that the defendant is entitled to have his trial commence immediately after being bound over to the trial court.  What would be a reasonable time in one case would be perhaps unreasonable in another." 236 Mich 689, 690.

In the instant case, 12 months and 9 days elapsed between the date of the defendant's arraignment and the date that his trial commenced.   During that period, his trial date was adjourned on a total of six separate occasions.   No reason whatsoever was given for two of those adjournments.

As noted above, MCLA § 768.2 (Stat Ann 1954 Rev § 28.1025) requires that continuances in criminal cases be granted only "for good cause shown".   In appeals arising from future trials, this Court will view with great concern adjournments which are not supported by good cause shown on the record.

The adjournment of the case on January 24, 1966, is of the greatest concern to this Court.   The reason given for that adjournment was "def. sentenced in another case—adj. till appeal time expires."

Pursuant thereto the defendant in this case was advised by his attorney in a letter that the remaining charge against him of breaking and entering would be dismissed if the defendant did not file an appeal from his other conviction.[1]   After the defendant

---

[1] Letter from defendant's attorney, Mr. W. Ralph Delaney, to the defendant on April 27, 1966:

"Mr. Steven C. Harrison 102055
4000 Cooper Street
Jackson, Michigan 49201

"Dear Mr. Harrison:

"The case referred to in your letter of April 24, 1966, on which I was assigned to your defense, was adjourned to April 15, 1966. This adjournment was on the basis that if no appeal was taken from the conviction for which you are presently serving time, then this case would be dismissed.

"On April 15th, I was advised by the Court that an Appeal had been taken and therefore this matter was going to be set for trial. The Court ordered that the Clerk of the Court set a date for trial, advise me thereof and then have you brought in from Jackson Prison so you could be present at the trial.

"To date I have not received any word from the Clerk of the Court as to the trial date.   As soon as I receive such word I will advise you thereof.

"With best regards, I am

                              "Sincerely,
                              "/s/ W. Ralph Delaney
                                  "W. Ralph Delaney

"WRD:hfs"

filed such an appeal, a new trial date was set for him on the other charge.

An adjournment of one case with notice it would be dismissed if a defendant did not appeal a second case is not good cause for continuance. Furthermore it is constitutionally obnoxious. Such action serves to chill the exercise of a defendant's constitutional right to appeal a criminal conviction and will not be tolerated.[2]

The people argue that the defendant waived his right to a speedy trial by failing to demand trial or to move to have the charge against him dismissed. This Court has always preserved its right to consider serious errors even in the absence of objection by the party who appeals. Then Justice, now Chief Justice, THOMAS M. KAVANAGH explained this exercise of supervisory control in *People* v. *Dorrikas* (1958), 354 Mich 303, 316:

"Ordinarily where no timely objection was made to the introduction of such testimony and no re-

[2] The United States Supreme Court addressed itself generally to the chilling of a defendant's right to appeal in *North Carolina* v. *Pearce* (1969), 395 US 711, 724 (89 S Ct 2072, 23 L Ed 2d 656):

"Where, as in each of the cases before us, the original conviction has been set aside because of a constitutional error, the imposition of such a punishment, 'penalizing those who choose to exercise' constitutional rights, 'would be patently unconstitutional.' *United States* v. *Jackson* [1968], 390 US 570, 581 [88 S Ct 1209, 20 L Ed 2d 138]. And the very threat inherent in the existence of such a punitive policy would, with respect to those still in prison, serve to 'chill the exercise of basic constitutional rights.' *Id.*, at 582. See also *Griffin* v. *California* [1965], 380 US 609 [85 S Ct 1229, 14 L Ed 2d 106]; *cf. Johnson* v. *Avery* [1969], 393 US 483 [89 S Ct 747, 21 L Ed 718]. But even if the first conviction has been set aside for nonconstitutional error, the imposition of a penalty upon the defendant for having successfully pursued a statutory right of appeal or collateral remedy would be no less a violation of due process of law. 'A new sentence, with enhanced punishment, based upon such a reason, would be a flagrant violation of the rights of the defendant.' *Nichols* v. *United States* [CA8, 1901], 106 F. 672, 679. A court is 'without right to * * * put a price on an appeal. A defendant's exercise of a right of appeal must be free and unfettered. * * * '" 395 US 711, 724.

quest to charge was made, this Court would not examine the points relied upon for reversal, and except under unusual circumstances we have no disposition to relax this rule. Nevertheless, as in a number of previous cases, this Court, in the exercise of supervisory control over all litigation, has often asserted the right to consider manifest and serious errors although objection was not made by the party who appeals. The inherent power of this Court to prevent fundamental injustice is not limited by what appellant is entitled to as a matter of right. *People* v. *Steeneck* [1929], 247 Mich 583; *People* v. *Holmes* [1940], 292 Mich 212; *People* v. *Kelsey* [1942], 303 Mich 715." 354 Mich 303, 316.

The instant case is a proper one for our exercise of this supervisory control.

We also hold today that a motion for speedy trial or for having the charge against him dismissed on the part of the defendant is not necessary when the stated reason for the adjournment of the trial date serves to chill the exercise of a defendant's constitutional right to appeal a criminal conviction.[3]

In passing, we note that the defendant's allegation that the trial court had no jurisdiction over him at the time of his conviction is without merit. MCLA § 780.133 (Stat Ann 1971 Cum Supp § 28.969 [3]) requires an inmate of the Department of Corrections charged with another offense to be tried on that charge within 180 days. If such trial does not occur within 180 days, the trial court no longer has jurisdiction over the matter.

The defendant in the instant case was delivered to the Department of Corrections on January 27,

---

[3] We do not reach the situation involved in *People* v. *Duncan* (1964), 373 Mich 650 in which the record was silent as to cause for the adjournments of the trial date. But we have noted above that good cause for adjournment should be shown on the record and we will view with concern any situation where the record is silent.

1966. The 180-day period could not begin to run prior to that time. *People* v. *Castelli* (1963), 370 Mich 147. Since the defendant's trial on the other charge commenced on June 2, 1966, only 129 days had elapsed.

Reversed. New trial granted.

T. M. KAVANAGH, C. J., and ADAMS, T. E. BRENNAN, T. G. KAVANAGH, and SWAINSON, JJ., concurred with WILLIAMS, J.

BLACK, J., did not sit in this case.