PEOPLE *v* SIMS

1. CRIMINAL LAW—RIGHT TO COUNSEL—ARRAIGNMENT—PLEA OF NOT
   GUILTY—PRELIMINARY EXAMINATION.

   Absence of counsel at a defendant's preliminary examination and
   at his arraignment is only harmless error, even though the
   defendant did not waive his right to the assistance of counsel,
   where the defendant pled not guilty at the arraignment and no
   motion to remand for a preliminary examination was made.

2. CRIMINAL LAW—EVIDENCE—ELECTRONIC HEARING DEVICE—OVER-
   HEARD STATEMENTS—ADMISSIBILITY.

   A police officer's testimony regarding statements he overheard
   by use of an electronic device attached to the person of an
   informer is admissible.

3. CRIMINAL LAW—VOID SENTENCE—CREDIT FOR TIME SERVED.

   Any time served by a defendant upon a void sentence which has
   been set aside, must be credited against the new sentence im-
   posed upon him after conviction or acceptance of a plea of
   guilty based upon facts arising out of the earlier void con-
   viction (MCLA 769.11a).

4. PARDON AND PAROLE—SENTENCE—PAROLE TIME CREDIT—VIOLATION
   OF PAROLE—DEAD TIME.

   A paroled prisoner is considered to be still serving his sentence;
   a paroled prisoner is entitled to credit against a sentence
   for the time he has spent on parole; however, any time elapsing
   between the date of defendant's declared violation of parole
   and the date on which he becomes available for return to
   prison is considered "dead time" and is not to be credited
   against his sentence (MCLA 791.238).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 313, 314, 449.
[2] 29 Am Jur 2d, Evidence § 435.
[3] 21 Am Jur 2d, Criminal Law §§ 533, 545, 606.
[4] 59 Am Jur 2d, Pardon and Parole § 101.

Appeal from Genesee, Donald R. Freeman, J. Submitted Division 2 November 4, 1971, at Lansing. (Docket No. 10070.) Decided January 24, 1972.

Calvin Sims was convicted of unlicensed sale of narcotics. Defendant appealed. Remanded with instructions.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *Robert F. Leonard*, Prosecuting Attorney, and *Donald A. Kuebler*, Chief Assistant Prosecuting Attorney, for the people.

Calvin C. Sims, *in propria persona*.

Before: Danhof, P. J., and Bronson and Targonski,* JJ.

Per Curiam. In May of 1956 the defendant was sentenced to a term of 20 years to life after being convicted by a jury of sale of narcotics. MCLA § 335.152 (Stat Ann 1971 Rev § 18.1122). In March of 1970 the defendant moved to vacate sentence because he had not been represented by counsel at the sentencing. The trial court granted the motion and on June 11, 1970, the defendant was sentenced to a term of 20 years to 40 years. The trial court credited the time that the defendant had served in confinement against his sentence, but refused to give him credit for time spent on parole. On June 17, 1970, the defendant made a delayed motion for a new trial which was denied and he has appealed on leave granted.

The defendant's first contention is that a reversal is required because he was not provided with counsel

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

at the preliminary examination and the arraignment on the information. The record shows that the defendant was not represented by counsel at either the preliminary examination or the arraignment, and there is no indication that he waived his right to counsel.[1]

However, we do not believe that a reversal is required. At the arraignment the defendant pled not guilty and thus the absence 'of counsel did not prevent him from presenting a defense. After the arraignment, counsel was appointed and the defendant had a jury trial where he was capably represented. No motion to remand for a preliminary examination was made. In addition the defendant has not pointed to any way in which he was prejudiced and our review of the record has revealed none. On this record we believe it can be said that any error was harmless beyond a reasonable doubt. *Chapman* v. *California* (1967), 386 US 18 (87 S Ct 824, 17 L Ed 2d 705); *Coleman* v. *Alabama* (1970), 399 US 1 (90 S Ct 1999, 26 L Ed 2d 387).

The defendant contends that it was error to allow a police officer to testify regarding statements that the officer had overheard by making use of an electronic device which was attached to the person of an informer. The United States Supreme Court has recently held that such testimony is admissible. *United States* v. *White* (1971), 401 US 745 (91 S Ct 1122, 28 L Ed 2d 453). Therefore, the admission of the testimony was not error.

The defendant contends that the court erred in refusing to credit the time he had spent on parole

---

[1] For purposes of decision we are assuming that the right to counsel at these proceedings will be held retroactive. The Supreme Court of the United States has granted *certiorari* in *Adams* v. *Illinois* (1971), 401 US 953 (91 S Ct 981, 28 L Ed 2d 236) to determine the retroactivity of *Coleman* v. *Alabama* (1970), 399 US 1 (90 S Ct 1999, 26 L Ed 2d 387) which held that a defendant has a right to counsel at a preliminary examination.

against his sentence. We find this contention to be meritorious. When a void sentence is set aside and a new sentence is imposed, any time served upon the void sentence must be credited against the new sentence. MCLA § 769.11a (Stat Ann 1971 Cum Supp § 28.1083[1]) provides:

"Whenever any person has been heretofore or hereafter convicted of any crime within this state and has served any time upon a void sentence, the trial court, in imposing sentence upon conviction or acceptance of a plea of guilty based upon facts arising out of the earlier void conviction, shall in imposing the sentence specifically grant or allow the defendant credit against and by reduction of the statutory maximum by the time already served by such defendant on the sentence imposed for the prior erroneous conviction."

Under Michigan law a paroled prisoner is considered to be still serving his sentence. MCLA § 791.238 (Stat Ann 1971 Cum Supp § 28.2308) provides in part:

"A prisoner violating the provisions of his parole and for whose return a warrant has been issued by the assistant director of the bureau of pardons and paroles shall, after the issuance of such warrant, be treated as an escaped prisoner owing service to the state, and shall be liable, when arrested, to serve out the unexpired portion of his maximum imprisonment, *and the time from the date of the declared violation to the date of his availability for return to any penal institution under the control of the commission shall not be counted as any part or portion of the time to be served.* (Emphasis added.)

* * *

"A parole granted a prisoner shall be construed simply as a permit to such prisoner to go without

the enclosure of the prison, and not as a release, and while so at large he shall be deemed to be still serving out the sentence imposed upon him by the court, and shall be entitled to good time the same as if he were confined in prison."

The foregoing statutes make it clear that the defendant is entitled to credit for the time spent on parole. See also *Moore* v. *Parole Board* (1967), 379 Mich 624. However, on the record before us we cannot ascertain how much credit the defendant should be given and a remand is required on this issue. The defendant was paroled on several occasions and was subsequently reincarcerated because of parole violations. Under the statute any time elapsed between the date of the declared violation and the date the defendant became available for return to prison is considered "dead time" and is not to be credited against his sentence. Because the record does not show how much "dead time" existed, the cause must be remanded for determination of this issue.

Remanded for further proceedings consistent with this opinion.