PEOPLE v STEVENSON

Docket No. 56236. Submitted February 4, 1976 (Calendar No. 1).—
Decided May 2, 1977.

George Stevenson was convicted, on his plea of guilty, of assault
with a dangerous weapon by Muskegon Circuit Court, John H.
Piercey, J. The defendant had been convicted of armed robbery
in a different action while five other charges, including the
assault charge, were pending against him. The defendant ap-
pealed the robbery charge, and then under an agreement with
the prosecutor the defendant dismissed that appeal (Court of
Appeals Docket No. 13620), and the prosecutor obtained orders
of nolle prosequi on the other pending charges. More than 180
days after sentencing on the armed robbery conviction, the
defendant applied for leave to appeal, which was denied. The
prosecutor reinstated the assault charge and the defendant
entered a plea of guilty. The Court of Appeals, McGregor, P. J.,
and R. B. Burns, J. (O'Hara, J., dissenting), reversed the assault
conviction and discharged the defendant (Docket No. 16870).
The people appeal. *Held:*

It is unnecessary in this case to address the question whether
the court lacked jurisdiction because more than 180 days had
elapsed between the date of the defendant's incarceration and
the reinstitution of the assault charge. The defendant has kept
his bargain, although not willingly, because his application for
leave to appeal the armed robbery conviction was denied, and
he should receive the benefits of the agreement. The conviction
of assault with a dangerous weapon is reversed and the dis-
missed charges may not be reinstated.

Justice Ryan, joined by Justice Coleman, concurred in rever-
sal, but on the ground that the trial court was without jurisdic-
tion to accept the plea of guilty of felonious assault because
there was no good-faith effort to bring the charge of assault
with intent to murder to trial within the 180-day period re-

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 512, 513.

Indictment or information which has been dismissed by prosecuting
attorney as susceptible of reinstatement. 112 ALR 386.

[2] 21 Am Jur 2d, Criminal Law §§ 492–494.

quired by statute. The practice of plea bargaining has become so pervasive that the trial judge and the majority of two appellate courts ignore the plain mandate of the 180-day statute and instead decree specific performance of a plea bargain which the defendant did not keep. The Supreme Court ought to apply a clear and unequivocal enactment of the Legislature rather than enforce a private and questionably valid plea bargain.

Affirmed.

## OPINION OF THE COURT

1. CRIMINAL LAW—PLEA BARGAINING—NOLLE PROSEQUI—REINSTATE-
   MENT OF CHARGES.

   A defendant who waived his right to appeal a conviction of armed robbery pursuant to an agreement with the prosecutor who obtained an order of nolle prosequi in other pending charges, kept his bargain, although unwillingly, where his subsequent application for leave to appeal the conviction of armed robbery was denied by the Court of Appeals; the defendant should receive the benefits of the agreement and the dismissed charges may not be reinstated.

## CONCURRING OPINION

### COLEMAN and RYAN, JJ.

2. CRIMINAL LAW—INMATES—UNTRIED CHARGES—180-DAY STATUTE.

   *A circuit court was without jurisdiction to accept a plea of guilty of felonious assault in a pending case for assault with intent to commit murder where the defendant was an inmate of a state penal institution, and there was no good-faith effort to bring the assault case to trial within the statutory 180-day period after he was delivered to the Department of Corrections on a sentence for a different crime (MCL 780.133; MSA 28.969[3]).*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Richard Pasarela,* Prosecuting Attorney, and *David F. Folkert,* Assistant Prosecuting Attorney, for the people.

*Brian K. Walsworth,* Deputy Public Defender, for defendant.

KAVANAGH, C. J. This is an appeal from the

Court of Appeals order reversing defendant's plea-based conviction of assault with a dangerous weapon.

We affirm.

Defendant was jury convicted of armed robbery and sentenced to serve 8 to 40 years. He filed a claim of appeal of this conviction. At the time of sentence five other charges, including assault with intent to commit murder, which was the basis for the instant plea to the included offense, were pending.

The prosecutor agreed to *nolle prosequi* these charges if defendant waived his right to appeal the armed robbery conviction. Defendant withdrew his claim of appeal and an order *nolle prosequi* was entered.

One hundred and eighty-one days after sentence on the armed robbery charge defendant notified his lawyer that he wished to pursue his appeal of that conviction.

Subsequently an application for delayed appeal was filed and leave was denied by the Court of Appeals.

On July 27, 1972, the prosecutor moved to reinstate the formerly dismissed charges, and the motion was granted. Defendant's motion to dismiss was denied, and on September 14, 1972 he proceeded to trial on the charge of assault with intent to commit murder. During the trial, defendant pled guilty to the lesser included offense of assault with a dangerous weapon in return for another *nolle prosequi* order on the remaining charges.

Defendant appealed the assault conviction alleging that the trial court lacked jurisdiction because more than 180 days had elapsed between the date of his initial incarceration and the re-institution of

the assault with intent to commit murder charge. MCLA 780.131; MCLA 780.133; MSA 28.969(1); MSA 28.969(3). The Court of Appeals reversed.

On appeal to this Court, the prosecutor argues that the defendant knowingly and voluntarily waived his right to appeal the armed robbery conviction as a quid pro quo for dismissal of the five pending charges. When the claim of appeal was withdrawn the prosecutor, in good faith, dismissed these charges. They were reinstated only after defendant again pursued his appellate remedies. Citing cases which hold that if the prosecutor acts in good faith to bring cases to trial within the 180-day period the statute is complied with, the prosecutor contends that the *nolle prosequi* orders indicated a good faith effort.

Defendant argues that the prosecution acted improperly in conditioning the dismissal of the pending charges on waiver of the right to appeal, citing *People v Harrison,* 386 Mich 269; 191 NW2d 371 (1971); *People v Ledrow,* 53 Mich App 511; 220 NW2d 336 (1974); *People v Clark,* 43 Mich App 476; 204 NW2d 332 (1972). Because the prosecutor acted improperly, bad faith should be presumed, and a violation of the 180-day rule established.

We find it unnecessary to address the 180-day rule question in this case. We agree with the Court of Appeals conclusion that because defendant's application for leave to appeal the armed robbery conviction was denied by the Court of Appeals, "[a]lthough not willingly, defendant has kept his bargain and should receive his benefits of the agreement". Accordingly, the conviction for assault with a dangerous weapon is reversed and the charges dismissed pursuant to the negotiations of February 2, 1972 may not be reinstated.

Affirmed.

Williams, Levin, and Fitzgerald, JJ., concurred with Kavanagh, C. J.

Blair Moody, Jr., J., took no part in the decision of this case.

Ryan, J. *(concurring)*. I write separately because, while concurring in the majority's disposition of this case, I am unable to subscribe to the reasoning employed.

The defendant, George Stevenson, was convicted of armed robbery and sentenced to prison for a term of 8 to 40 years. He was delivered into the custody of the Department of Corrections on January 3, 1972 at which time there were five remaining charges pending against him. He filed a claim of appeal of the armed robbery conviction. A bargain was then struck between the defendant and the prosecutor whereby, in consideration of the dismissal of the five remaining charges, the defendant would withdraw his claim of appeal on the armed robbery case. The court agreed, the five pending charges were dismissed, and the defendant withdrew his claim of appeal.

Then the deal began to come apart.

Exactly 181 days after the sentence on the armed robbery conviction the defendant indicated to his attorney that, despite his promise to the contrary, he wished to pursue his appeal of that conviction. A delayed application for leave to appeal was filed. Having learned of that action, the prosecutor moved the court to reinstate the five charges which had been dismissed. On July 27, 1972 the motion was granted.

On September 14, 1972 the defendant was brought to trial on a charge of assault with intent to murder, one of the five recently reinstated charges, but only after his motion to dismiss on

the basis of MCLA 780.131; MSA 28.969(1), the so-
called 180-days statute,[1] was denied.

Mid-trial the prosecutor advised the court that
once again a bargain had been struck according to
which the defendant would plead guilty to the
offense of felonious assault[2] in return for termina-
tion of the assault with intent to murder prosecu-
tion and dismissal once again of the remaining
four charges. In the meantime the Court of Ap-
peals denied the defendant's delayed application to
appeal the armed robbery conviction.

The next step saw the defendant appeal his
guilty plea to felonious assault on the theory that
the court had no jurisdiction over him with respect
to that case, because the prosecution of the case
which generated the plea was not initiated within
180 days after he was delivered to the custody of
the Department of Corrections. The prosecutor's
reply before the Court of Appeals was that al-
though it is true that the defendant was not
brought to trial within the 180-day period, the
Court ought not to enforce the statute because the
original plea bargain served to suspend the opera-

---

[1] MCLA 780.131; MSA 28.969(1) provides that when any complaint
remains untried against an inmate of a state penal institution:

"such inmate shall be brought to trial within 180 days after the
department of corrections shall cause to be delivered to the prosecut-
ing attorney of the county in which such warrant, indictment, infor-
mation or complaint is pending written notice of the place of impris-
onment of such inmate and a request for final disposition of such
warrant, indictment, information or complaint."

MCLA 780.133; MSA 28.969(3) provides that "[i]n the event that
* * * action is not commenced on the matter" within the 180 day
period, "no court of this state shall any longer have jurisdiction" over
the pending complaint. Trial need not be commenced or completed
within 180 days, so long as "apparent good-faith action is taken well
within the period and the people proceed promptly and with dispatch
thereafter toward readying the case for trial * * * ". *People v Hen-
dershot,* 357 Mich 300, 304; 98 NW2d 568 (1959).

In the case at bar, there was no good-faith effort to bring the
assault with intent to murder case to trial within the 180-day period.

[2] MCLA 750.82; MSA 28.277.

tion of the statute thereby justifying the late prosecution when the defendant proved faithless to his promise to forego appeal on the armed robbery conviction.

The Court of Appeals, apparently unpersuaded by the rationale of either argument, reversed the conviction, reasoning that: "Although not willingly, defendant has kept his bargain and should receive his benefits of the agreement."[3] The reasoning, if I understand it, is that although the accused did not keep his promise to forego appeal of the armed robbery conviction, he should be regarded as having kept the promise and awarded the benefits thereof because the Court of Appeals denied his delayed application for appeal.

Today's majority now lends the full weight of its decisional authority to the enforcement of the broken plea bargain by conferring upon the defendant the benefits of a promise he did not keep.

That the practice of plea bargaining has now run the gamut from the occasional prosecutorial technique for obtaining a plea of guilty in unusual and exceptional cases to enshrinement as the keystone policy upon which the whole administration of criminal justice in Michigan is dependent is a fact sadly but unmistakably clear. This case is another example, but with a new twist.

So pervasive has become the practice that the trial judge and the majority of two appellate courts all agree to ignore the plain mandate of a valid legislative enactment and decree, instead, specific performance of a plea bargain to which one of the parties, the defendant, is admittedly faithless.

It is clear, of course, that the constitutional

[3] Docket No. 16870, unpublished per curiam. McGregor, P. J., and R. B. Burns, J. (O'Hara, J., dissenting).

separation of powers vests broad and exclusive discretion in the prosecutor concerning the decision to prosecute. However, if the "citadel of justice" is to be distinguishable from the "marketplace in old Algiers", this Court, given the choice between enforcing a private and questionably valid plea bargain on the one hand and applying a clear and unequivocal enactment of the Legislature on the other, ought to opt for the latter and say so.

Because there was no good-faith effort to bring the assault with intent to murder case to trial within the required 180-day period, the trial court was without jurisdiction to accept the felonious assault guilty plea. For that reason alone, I concur in reversal.

COLEMAN, J., concurred with RYAN, J.