PEOPLE v DORSEY

Docket No. 49654. Submitted May 6, 1981, at Detroit.—Decided July 23, 1981.

Randolph H. Dorsey was convicted of extortion in Genesee Circuit Court. The Court of Appeals affirmed the conviction but remanded the case for resentencing in *People v Dorsey,* 45 Mich App 230; 206 NW2d 459 (1973). Thereupon, the defendant petitioned the federal district court for habeas corpus relief. Lawrence Gubow, J., granted the prosecution's motion to dismiss the petition for habeas corpus. The Court of Appeals for the Sixth Circuit remanded the case to the federal district court for an evidentiary hearing on the basis that the record before it was incomplete. Subsequently, Judge Gubow determined that Dorsey should have a new trial and the matter was remanded to the Genesee Circuit Court. Thereafter, Dorsey was released on bail pending trial. Subsequently, while awaiting trial in Bay County on further criminal charges, he escaped to the State of Washington. A bench warrant for his arrest was thereupon issued. After having been sentenced to serve a term of imprisonment in Washington for crimes committed there, he was returned from Washington to Michigan. Pursuant to a plea bargain, the defendant was convicted, on his plea of guilty, of attempted extortion in Genesee Circuit Court, Donald R. Freeman, J. The trial court sentenced the defendant to serve five years probation and directed that the last six months of the probation period be spent in the Genesee County jail. The defendant appeals, alleging that additional jail time should not have been imposed because he had already served more than the statutory maximum of five years for this offense. *Held:*

The defendant has served his full sentence in this state and any additional sentence imposed by the trial court is void and must be vacated since where a void sentence is set aside and a

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 595.
[2] 21 Am Jur 2d, Criminal Law § 570.
[3] 21 Am Jur 2d, Criminal Law § 547.
Right to credit for time spent in custody prior to trial sentence. 77 ALR3d 182.

new sentence imposed, any time served on the void sentence must be credited against the sentence then imposed.

The conviction is affirmed but the sentence is vacated and the defendant discharged.

1. CRIMINAL LAW — SENTENCING.

The Supreme Court has eschewed any reviewing function for itself or the Court of Appeals with regard to the exercise of the trial judge's sentencing discretion.

2. CRIMINAL LAW — PROBATION — STATUTES.

A trial court may require a probationer to spend up to six months in a local detention facility, either in one block of time or at a fixed interval, at the direction of the court in any case where probation is ordered (MCL 771.3; MSA 28.1133).

3. CRIMINAL LAW — SENTENCING.

Any time served by a defendant on a void sentence must be credited against a sentence being then imposed where a void sentence is set aside and a new sentence is imposed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief, Appellate Division, for the people.

*Craig J. Drewett,* for defendant on appeal.

Before: BASHARA, P.J., and N. J. KAUFMAN and J. L. BANKS,* JJ.

PER CURIAM. The defendant was orginally charged with a single count of extortion. MCL 750.213; MSA 28.410. He was convicted after a one-day bench trial and was sentenced to serve from 15 to 20 years imprisonment on November 18, 1971. He appealed and we affirmed the conviction, but remanded the matter for resentencing to comply with *People v Tanner,* 387 Mich 683; 199 NW2d 202 (1972). The trial court resentenced the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

defendant to serve from 13 to 20 years imprisonment.

Still believing himself a victim of gross injustice, the defendant petitioned the federal district court for habeas corpus relief, contending that the failure of the prosecuting attorney to disclose contempt proceedings against the complainant prior to the circuit court trial constituted suppression of evidence. The federal district court, Lawrence Gubow, J., granted the prosecution's motion to dismiss. The circuit court of appeals remanded the matter to the federal district court for an evidentiary hearing, on the basis that the record before it was incomplete. *Dorsey v Warden,* 523 F2d 590 (CA 6, 1975). Judge Gubow determined that the defendant should have a new trial and the matter was remanded to the Genesee County Circuit Court for that purpose.

Pending trial, defendant was admitted to bail and released on July 28, 1976. He immediately moved his criminal enterprises to Bay County where he was arrested and charged with armed robbery and forgery, uttering and publishing. While awaiting trial on those charges, he escaped and fled to the State of Washington. When defendant failed to appear for his new trial, scheduled January 7, 1977, a bench warrant for his arrest was issued. More than two years later he was returned from Washington to face the Michigan charges, after having been sentenced to serve a term of imprisonment in Washington for crimes committed there.

Defendant then entered into a plea bargain with the Genesee County prosecutor and, on October 30, 1979, pled guilty to the reduced charge of attempted extortion. The trial court sentenced the defendant to serve five years probation, assessing

$700 in court costs and directing that the last six months of the probation period be spent in the Genesee County jail as a term of probation. Sentence was pronounced on November 8, 1980. At the sentence hearing, defense counsel objected to any additional jail time being imposed because defendant had already served more than the statutory maximum of five years for this offense.

While the Michigan Supreme Court has especially eschewed sentence review on appeal, *People v Burton,* 396 Mich 238, 243; 240 NW2d 239 (1976), we find defendant's argument well taken. What is at issue here is whether the trial court properly imposed any sentence at all, the defendant having already been incarcerated in Michigan for at least the maximum possible sentence. We recognize that in any case where probation is ordered, the court may require the probationer to spend up to six months in a local detention facility, either in one block of time, or at a fixed interval, at the direction of the court. MCL 771.3; MSA 28.1133.

However, we also recognize statute and case law holding that when a void sentence is set aside and a new sentence is imposed, any time served on the void sentence must be credited against the sentence then imposed. MCL 769.11a; MSA 28.1083(1), *People v Sims,* 38 Mich App 127, 130; 195 NW2d 766 (1972), *People v Clark,* 43 Mich App 476, 487-488; 204 NW2d 332 (1972). Thus, we conclude that the defendant has served his full sentence in this state (the court not having considered any time served in the State of Washington for other crimes), and that any additional sentence imposed by the trial court is void and must be vacated.

The conviction in this case is affirmed, but the sentence imposed is vacated, and the defendant is ordered discharged.