# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 52219-5-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| THOMAS JOSEPH MURPHY, | |
| Appellant. | |

SUTTON, J. — Thomas Joseph Murphy appeals his conviction for possession of a stolen vehicle. Murphy argues that his waiver of his right to appeal was invalid because it was not made intelligently, voluntarily, knowingly, and with a full understanding of the consequences of a waiver. The State argues that we should deny Murphy's appeal because he intelligently, voluntarily, knowingly, and with a full understanding of the consequences waived his right to appeal his conviction in exchange for a standard range low end sentence.[1] We hold that Murphy intelligently, voluntarily, knowingly, and with a full understanding of his appeal rights waived his right to appeal his conviction.[2] Thus, we affirm Murphy's conviction.

---

[1] The State inappropriately relies on exhibits attached to its brief. These exhibits are not part of the record. RAP 10.3(a)(8). Thus, we do not consider these exhibits or any resulting argument from them.

[2] The State's practice of offering a favorable sentence in exchange for a defendant waiving his or her right to appeal is problematic. Other states have held that this practice is against public policy. *See Spann v. State,* 704 N.W.2d 486 (Minn. 2005), *State v. Ethington,* 121 Ariz. 572, 592 P.2d 768 (1979), and *People v. Harrison,* 386 Mich. 269, 191 N.W.2d 371 (1971). However, Murphy has not raised this issue, and on these facts, Murphy benefited from the waiver by receiving a standard range low end sentence of 43 months, despite his high offender score.

FACTS

Gerald Marston owns Christian Brothers Towing. On March 11, 2018, Marston's Honda Accord was parked by the entrance of the tow yard. Justin Jester was the tow truck driver for Christian Brothers Towing. At approximately 7:00 PM, Jester was in the office and noticed a man in the tow yard. Jester heard a vehicle fire up, walked outside, and saw a Chevy truck driving away. Jester ran after the truck and the driver turned around to look at him. As Jester walked back into the office to report the stolen truck to the police, he noticed that the Honda Accord was missing.

Police located the Honda Accord approximately three hours after Jester reported it stolen. Prior to trial, the State filed a second amended information and charged Murphy with theft of a motor vehicle, a Chevy truck, and possession of a stolen vehicle, a Honda Accord.[3] Murphy did not object to the second amended information.

At trial, witnesses testified to the above facts. The State also presented the testimony of Officer Gary Bishop. Officer Bishop testified that he came upon a Honda Accord that matched the description of the stolen vehicle at approximately 10:52 PM. Officer Bishop followed the vehicle, ran its plate, and received confirmation that it was the stolen vehicle. Officer Bishop followed the vehicle until it pulled over and parked.

As the Honda Accord came to a stop, Officer Bishop confirmed it was the stolen Honda and initiated contact with the driver. Officer Bishop confirmed that Murphy was the driver.

---

[3] RCW 9A.56.068.

Officer Bishop noticed the stolen Chevy truck was parked just ahead of the Honda with its engine off and was unoccupied.

Officer Bishop stated that when he discovered Murphy and the vehicle, the vehicle was running, but there was no key in the ignition. Officer Bishop also testified that Murphy explained that he had recently purchased the two vehicles from two random people he met on the street. Officer Bishop stated that Murphy did not have contact information for these people. Murphy also did not have the titles, registrations, keys, or bills of sale for the vehicles.

The jury acquitted Murphy of theft of the Chevy truck. The jury found Murphy guilty of possession of a stolen motor vehicle, the Honda Accord.

Murphy had an offender score of 10 with a standard sentencing range of 43-57 months. The State recommended a standard range low end sentence of 43 months in exchange for Murphy filing a waiver of his right to appeal. The sentencing court questioned Murphy about the waiver:

THE COURT: . . . Is this your signature on the waiver of your right to appeal?

MURPHY: Yes, sir.

THE COURT: And do you feel you understand it?

MURPHY: Yes, sir.

THE COURT: And are you giving up your right to appeal voluntarily?

MURPHY: Yes, sir.

THE COURT: And you consulted with your attorney on this; is that right?

MURPHY: Yes, sir.

Report of Proceedings at 450-51.

Murphy signed and filed a waiver of his right to appeal. The waiver stated:

> On June 12, 2018, I went to trial in the above captioned case. A jury found me guilty of Possession of A Stolen Motor Vehicle, Count II.
>
> I am aware that I have a right to have appellate courts review [this] matter, and I have spoken with my attorney about that right. After speaking with my attorney, I now knowingly, intelligently, and voluntarily waive my right to appeal [this] case because I am receiving the below favorable sentencing recommendation in this case.
>
> My offender score for the above case is 10 and my standard sentencing range on Count II is 43-57 months in prison. For Count II, the State will recommend a sentence of 43 months.

Clerk's Papers at 85. Murphy now appeals his conviction.

ANALYSIS

Murphy argues the waiver of his right to appeal was invalid because it was not made intelligently, voluntarily, and knowingly, and with a full understanding of his appeal rights and the consequences of waiving them. He argues that the court's colloquy failed to include any discussion of his right to appointed counsel on appeal at public expense, the procedure for invoking the right to appeal, or any detailed discussion of the consequences of a waiver. We disagree and hold that Murphy intelligently, voluntarily, knowingly, and with a full understanding of his appeal rights waived his right to appeal his conviction.

Our constitution guarantees criminal defendants "the right to appeal in all cases." WASH. CONST. art. I, § 22. "A defendant may waive this right, but only if he does so intelligently and with a full understanding of the consequences." *State v. Neff*, 163 Wn.2d 453, 459, 181 P.3d 819 (2008). "To show his understanding, the State must prove a defendant understood both his right to appeal and the effect of a waiver." *Neff*, 163 Wn.2d at 159. "The State goes far in meeting this

burden when a defendant signs a waiver statement and admits to understanding it because doing so 'creates a strong presumption that the [waiver] is voluntary.'" *Neff*, 163 Wn.2d at 159 (alteration in original) (quoting *State v. Smith*, 134 Wn.2d 849, 852, 953 P.2d 810 (1998)). The fact that the defendant signed a waiver statement creates a presumption that the waiver is valid, but it is not conclusive. *Neff*, 163 Wn.2d at 459. A waiver may still be invalid if the defendant signed a written statement and the record reflects that the defendant did not sign the statement with a full understanding of the consequences.

Here, Murphy signed a waiver of his right to appeal. At the sentencing hearing, he agreed to waive his right to appeal in exchange for the State recommending a standard range low end sentence of 43 months. The sentencing court questioned Murphy about the waiver. Murphy affirmed that he signed the waiver, felt he understood it, voluntarily gave up his right to appeal his conviction, and that he consulted with his attorney prior to signing the waiver. After the colloquy with Murphy, the court accept the waiver.

We hold that Murphy's claim, that his waiver of his right to appeal was invalid, fails. The record reflects that Murphy intelligently, voluntarily, knowingly, and with a full understanding of his appeal rights waived his right to appeal his conviction in exchange for a standard range low end sentence of 43 months. Because Murphy intelligently, voluntarily, knowingly, and with a full understanding of his appeal rights waived his right to appeal, we affirm his conviction.

No. 52219-5

CONCLUSION

We hold that Murphy intelligently, voluntarily, knowingly, and with a full understanding of his appeal rights waived his right to appeal his conviction and thus, we affirm his conviction.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

LEE, C.J.

WORSWICK, J.