STATE v. EARL HARRISON COE.

188 N. W. (2d) 421.

June 11, 1971—No. 42430.

C. Paul Jones, State Public Defender, and Roberta K. Levy and Doris O. Huspeni, Assistant State Public Defenders, for appellant.

Warren Spannaus, Attorney General, George M. Scott, County Attorney, and Henry W. McCarr, Jr., and David G. Roston, Assistant County Attorneys, for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Rogosheske, JJ.

Per Curiam.

Direct appeal from a conviction upon a plea of guilty to the felony crime of theft by check aggregating over $100 in violation of Minn. St. 609.52, subds. 2(3)(a) and 3(2, 5). Defendant seeks vacation of his conviction, withdrawal of his plea, and a trial upon claims that (1) his plea of guilty was not voluntarily and intelligently made with a full understanding of the consequences and was induced by his belief that illegally obtained evidence would be used against him, and (2) that he was inadequately represented by defense counsel.

The district court file discloses that defendant tendered two pleas of guilty before two district court judges to the charge of cashing four "no account" checks with intent to defraud the payee. Both judges independently accepted defendant's plea after determining, upon interrogation by defense counsel, that there was a factual basis therefor; that defendant was aware of the consequences of his plea; and that it was voluntarily and intelligently made. This unique re-plea procedure occurred because of defendant's request in order to avoid a delay in imposition of the sentence upon the receipt of the presentence investigation report at a time when the judge who first accepted his plea was unavailable.

Our examination of the record leaves no doubt that defendant's claims of improper acceptance of his plea are expressly refuted. His contentions, including his claim of ineffective assistance of counsel,

were neither raised nor passed upon by the sentencing court in a post-conviction motion to withdraw his plea. Since the record submitted for review provides no factual support for any of defendant's claims, they must be regarded as mere argumentative assertions impossible of effective review on a direct appeal. State v. Williams, 279 Minn. 152, 155 N. W. (2d) 739. If, despite this record, proof otherwise exists to establish defendant's claims, relief pursuant to our Postconviction Remedy Act, Minn. St. c. 590, is available.

It may be noted that the judges' determinations of the voluntariness and acceptability of defendant's plea were in large part based upon defense counsel's interrogation. For a preferable procedure to be followed in making such determinations, see A. B. A. Project on Standards for Criminal Justice, Standards Relating to Pleas of Guilty (Approved Draft, 1968) §§ 1.4, 1.5, 1.6 and *Commentaries*.

Affirmed.