**Ryan Michael PEDERSON,
petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. C2–01–2136.**

Supreme Court of Minnesota.

Aug. 1, 2002.

Deborah K. Ellis, Saint Paul, for Appellant.

Mike Hatch, Minnesota Attorney General, Saint Paul, Robert M.A. Johnson, Anoka County Attorney, Marcy S. Crain, Assistant Anoka County Attorney, Anoka County Government Center, Anoka, for Respondent.

## OPINION

ANDERSON, Russell A., Justice.

Ryan Michael Pederson appeals from the order of the Anoka County District Court denying his petition for postconviction relief. The postconviction court denied the petition without a hearing, adopting verbatim the state's proposed findings of fact, conclusions of law and order. Out of concern that the process employed here gives the appearance of impropriety, we reverse and remand for reconsideration.

■ Following a jury trial, Ryan Pederson was convicted of murder in the first degree, Minn.Stat. § 609.185(3) (1996). Pederson appealed and we affirmed. *State v. Pederson*, 614 N.W.2d 724, 726 (Minn. 2000). The facts and original trial are summarized in detail in that opinion. Pederson filed this petition for postconviction relief, asserting, among other things, newly discovered evidence and prosecutorial misconduct in failing to disclose certain evidence, improper vouching and subornation of perjury. Pederson also requested that the Chief Judge of the Tenth District assign the petition to a judge outside of the district since Pederson intended to call the prosecutor, now a judge in the Tenth District, as a witness at the postconviction hearing.[1] The Chief Judge denied Pederson's request and assigned the petition to the trial judge, who summarily denied relief. This appeal followed.

■ The decision whether to grant a new trial based upon newly discovered evidence rests with the court and will not be disturbed unless there is an abuse of discretion. *Berry v. State*, 364 N.W.2d 795, 796 (Minn.1985) (citing *State v. Wofford*, 262 Minn. 112, 115, 114 N.W.2d 267, 269–70 (1962)). A petition for postconviction relief is a collateral attack on a judgment which carries a presumption of regularity and which, therefore, cannot be lightly set aside. *Hummel v. State*, 617 N.W.2d 561, 563 (Minn.2000) (citing *State ex rel. Gray v. Tahash*, 279 Minn. 248, 250, 156 N.W.2d 228, 229 (1968)). A petitioner for postconviction relief bears the burden of establishing, by a fair preponderance of the evidence, facts that warrant relief. Minn. Stat. § 590.04, subd. 3 (2000); *Gassler v. State*, 590 N.W.2d 769, 771 (Minn.1999).

■ We confine our review to Pederson's claim that he was denied procedural due process because the postconviction court adopted verbatim the state's proposed findings, conclusions and order denying relief. A postconviction court's verbatim adoption of the state's proposed findings and conclusions, standing alone, does not constitute grounds for reversal. *Dukes v. State*, 621 N.W.2d 246, 259 (Minn. 2001). But the practice of the verbatim adoption of a party's proposed findings and conclusions is hardly commendable. Our preference is "for a court to independently develop its own findings." *Id.* at 258. The postconviction court has the responsibility for ascertaining the facts. "And it is not a light responsibility since, unless his findings are 'clearly erroneous,' no upper court may disturb them. To ascertain the facts is not a mechanical act. It is a difficult art, not a science. It involves skill and judgment." *United States v. Forness*, 125 F.2d 928, 942–43 (2d Cir.1942).

Pederson filed his petition for postconviction relief, together with documentary evidence and affidavits to support his alle-

---

1. A chief judge does not have the authority to assign a matter outside of the chief judge's district. If no judge within the district is qualified to hear the matter, the chief judge must notify the chief justice. Minn. R.Crim. P. 26.03, subd. 13(6). The chief justice then assigns a judge of another district to preside over the matter. *Id.*

gations of serious prosecutorial misconduct, on July 20, 2001.[2] The state filed its response in opposition to the petition on August 30, 2001. The state then sent to the postconviction court proposed findings, conclusions and an order fully exonerating the state by letter dated Friday, October 12, 2001, copy to Pederson's counsel. The record is silent as to whether the proposal was requested by the court. On Monday, October 15, 2001, the postconviction court adopted verbatim those findings, conclusions and order, without providing Pederson's counsel a chance to review the state's submissions or an opportunity to submit proposed findings, conclusions and an order on Pederson's behalf.[3]

■ In considering Pederson's due process claim, we are mindful that " 'justice must satisfy the appearance of justice.' " *Shorter v. State*, 511 N.W.2d 743, 747 (Minn.1994) (quoting *Offutt v. United States*, 348 U.S. 11, 14, 75 S.Ct. 11, 99 L.Ed. 11 (1954)). With few exceptions not relevant here, a judge does not "initiate, permit or consider ex parte communications, or consider other communications made to the judge outside the presence of the parties concerning a pending or impending proceeding." Canon 3(A)(7), Minn.Code Judicial Conduct. "A judge may request a party to submit proposed findings of fact and conclusions of law, so long as the other parties are apprised of the request and are given an opportunity to respond to the proposed findings and conclusions." *Id.* cmt.

■ In its capacity "as the neutral factor in the interplay of our adversary system," the court "is vested with the responsibility to ensure the integrity of all stages of the proceedings. This pervasive responsibility includes avoidance of both the reality and the appearance of any impropriety * * *." *State v. Mims*, 306 Minn. 159, 168, 235 N.W.2d 381, 387 (1975). "The impartiality of the trial judge must be beyond question." *Rose v. State*, 601 So.2d 1181, 1183 (Fla.1992). Ordinarily, a postconviction court's findings of fact are afforded great deference on appeal. *Dukes*, 621 N.W.2d at 251. But such deference ought not attach to a postconviction order exonerating the prosecution of allegations of serious misconduct when that order is predicated ex parte on findings and conclusions drafted by the prosecution. Furthermore, unlike cases in which parties have been given the opportunity to respond to proposed findings and conclusions prior to verbatim adoption, it seems to us that a heightened level of appellate scrutiny would not satisfy the appearance of justice either. Accordingly, in the interests of justice, we reverse the order denying Pederson's petition for postconviction relief and remand the matter for reconsideration.

■ To maintain public trust and confidence in the judiciary, judges should avoid

---

**2.** Pederson based his allegations of misconduct upon a curious trial preparation document, created by the state, that surfaced after his conviction. The document was accompanied by a post-it note that asked the witness to read the document and be "VERY familiar" with it and to read it "several times" before testifying at trial. The state asserted that the document was nothing more than a condensed form of the grand jury transcripts. We think not. The document transformed conversations related by a key state witness before the grand jury into a scripted version of those conversations, much like the work of a playwright. Without regard to its substance, the document does not, as the state claims, "excerpt" the questions asked of the witness and his complete answers to those questions in his grand jury testimony.

**3.** Pederson's counsel received the state's proposed findings, conclusions and order on October 15, 2001, and immediately sent a letter to the court requesting an opportunity to also submit proposed findings, conclusions and an order.

the appearance of impropriety and should act to assure that parties have no reason to think their case is not being fairly judged. *See McClelland v. McClelland,* 359 N.W.2d 7, 11 (Minn.1984). Since Pederson's petition alleges that the trial prosecutor, now a judge in the Tenth District, improperly coached and impeded defense access to a key witness, the Chief Judge may find it preferable to reconsider Pederson's request that the matter be referred to a judge outside the Tenth District so as to avoid the appearance of impropriety.

Reversed and remanded.