**STATE of Minnesota, Respondent,**

v.

**Bryce Lee WILLIAMS, Appellant.**

**No. C1–02–1229.**

Court of Appeals of Minnesota.

July 11, 2003.

Mike Hatch, Attorney General, St. Paul, MN; and

Amy Klobuchar, Hennepin County Attorney, Michael K. Walz, Assistant County Attorney, Minneapolis, MN, for respondent.

John M. Stuart, State Public Defender, Rochelle R. Winn, Assistant Public Defender, Minneapolis, MN, for appellant.

Considered and decided by KLAPHAKE, Presiding Judge, WILLIS, Judge, and HUDSON, Judge.

## OPINION

WILLIS, Judge.

Appellant challenges his convictions of third-degree driving while impaired and fleeing a peace officer in a motor vehicle. Respondent contends that in return for the dismissal of an additional charge of carrying a weapon without a valid permit, appellant waived his right to take this appeal. Although we have earlier held that we will not honor a waiver of a criminal defendant's right to appeal a sentence, *Ballweber v. State*, 457 N.W.2d 215 (Minn.App. 1990), whether we should accept such waivers in other contexts is an issue of first impression in Minnesota. We conclude that appellant's waiver is valid and do not reach the merits of his appeal.

## FACTS

On September 30, 2001, a Robbinsdale police officer on patrol saw a car that appeared to be exceeding the 40 mile-per-hour speed limit. Using the squad car's lights and siren, the officer signaled that the speeding car should pull over, but the driver instead accelerated to 70 miles per hour and ran a red light. The officer eventually forced the car to pull over and ordered the driver, appellant Bryce Lee Williams, out of the vehicle. The officer noticed that Williams smelled of alcohol. In addition, other officers on the scene found in Williams's car a 9 mm pistol, two loaded 9 mm ammunition magazines, and a loaded .45–caliber magazine. In Williams's wallet, police found a Minnesota state permit to carry a handgun that was stamped "not valid while consuming alcohol or drugs." Williams was placed under arrest and taken to a police station. There, police administered an Intoxylizer test that showed that Williams had an alcohol concentration of .14.

The state charged Williams with third-degree driving while impaired, in violation of Minn.Stat. § 169A.27 (2000); fleeing a peace officer in a motor vehicle, in violation of Minn.Stat. § 609.487, subd. 3 (2000); and carrying a weapon without a valid permit, in violation of Minn.Stat. § 624.714, subd. 1(b) (2000).

At Williams's jury trial, the state offered as evidence the pistol and the three magazines found in Williams's car. Williams objected, arguing that the magazines were unduly prejudicial to his defense because they were not necessary to prove that he was guilty of the weapon charge and were offered only to show that Williams posed a threat to the officers who arrested him. The district court overruled the objection and admitted the magazines. Later in the trial, the state offered to drop the weapon charge if Williams would agree not to raise on appeal any issues concerning the admission of the magazines. In a colloquy with Williams on the record, his counsel explained:

> The only argument you can't make [on appeal] is that the jury got the gun information [and] because they got that gun information they were * * * unduly tainted.

Williams replied, "I agree to that."

The jury found Williams guilty of third-degree driving while impaired and fleeing a peace officer. Williams appeals from his convictions, arguing that (1) giving effect to the waiver of his right to appeal on a ground related to the court's admission of the magazines into evidence would violate public policy and (2) the district court abused its discretion by admitting the magazines.

## ISSUE

Should this court honor Williams's waiver of the right to appeal?

## ANALYSIS

■ Whether a defendant can waive the right to appeal is a question of law, which this court reviews de novo. *Cf. State v. Wright*, 588 N.W.2d 166, 168 (Minn.App.1998) (reviewing de novo constitutionality of a statute), *review denied* (Minn. Feb. 24, 1999).

■ There is no federal constitutional right to an appeal. *Jones v. Barnes*, 463 U.S. 745, 751, 103 S.Ct. 3308, 3312, 77 L.Ed.2d 987 (1983). But in Minnesota, "a convicted defendant is entitled to at least one right of review by an appellate or postconviction court." *Hoagland v. State*, 518 N.W.2d 531, 534 (Minn.1994) (quotation omitted); *see also* Minn.Stat. § 590.01, subd. 1 (2002) (providing for postconviction petition); Minn. R.Crim. P. 28.02, subd. 2, 29.02, subd. 1 (providing for direct appeals). A defendant may intentionally waive a known right or privilege if the waiver is knowing, intelligent, and voluntary. *Edwards v. Arizona*, 451 U.S. 477, 482, 101 S.Ct. 1880, 1884, 68 L.Ed.2d 378 (1981); *State v. Givens*, 544 N.W.2d 774, 777 (Minn.1996).

Williams does not dispute that his waiver of the right to appeal was knowing, intelligent, and voluntary. He argues instead that we should not honor the waiver on the ground that such waivers insulate convictions from appellate review and thereby "weaken[] the integrity of the judicial system." At least one other jurisdiction has, on this ground, declined to honor waivers of the right to appeal. *E.g., State v. Ethington*, 121 Ariz. 572, 592 P.2d 768, 769 (1979).

Although Williams's argument is not without merit, several factors convince us to give effect to Williams's waiver. Williams did not waive his right to appeal from a conviction on the charges of driving while impaired and fleeing a police officer in a motor vehicle. Nor did Williams waive his right to appeal all of the district court's evidentiary rulings. He instead waived the right to appeal a specific evidentiary ruling related to the count that the state dismissed. Thus, in return for the waiver, Williams received an important concession from the state: he no longer faced the weapon count, and his right to appeal from convictions on the other two counts was preserved. Equally important, Williams does not dispute that his waiver was knowing, intelligent, and voluntary.

In addition, we are not faced with a waiver of the right to appeal a sentence, which we held invalid in *Ballweber v. State*, 457 N.W.2d 215 (Minn.App.1990). Nor are we faced with a waiver of the right to appeal made as part of a plea bargain, which commentators have criticized on due-process grounds. *See, e.g.,* Robert K. Calhoun, *Waiver of the Right to Appeal*, 23 Hastings Const. L.Q. 127, 158 (1995) (arguing that the pressure placed on defendants to waive the right to appeal "when faced with bargaining extremely long sentences which are in the virtual control of the prosecutor's office raises anew the traditional due process concerns of fairness and voluntariness").

Finally, Williams does not argue on appeal that his convictions are unconstitutional or that the district court made an error of law. Rather, this case concerns the admission or exclusion of evidence, a decision that is typically within the district court's discretion. *See State v. Kelly*, 435 N.W.2d 807, 813 (Minn.1989). We therefore conclude that when the state dismisses a criminal charge in return for the defendant's waiver of the right to appeal an evidentiary ruling by the district court related to the dismissed charge, the waiver is effective as long as it is knowing, intelligent, and voluntary.

## DECISION

Williams made an effective waiver of the right to appeal on the ground that the district court abused its discretion by admitting the ammunition magazines into evidence. We therefore do not reach the merits of Williams's appeal.

**Affirmed.**