**Charles Lee SPANN, Petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

No. A04–278.

Court of Appeals of Minnesota.

Sept. 28, 2004.

Bradford Colbert, Legal Assistance to Minnesota Prisoners, St. Paul, MN, for appellant.

Mike Hatch, Attorney General, and Susan Gaertner, Ramsey County Attorney, Jeanne L. Schleh, Assistant County Attorney, St. Paul, MN, for respondent.

Considered and decided by KLAPHAKE, Presiding Judge; KALITOWSKI, Judge; and ANDERSON, Judge.

## OPINION

KALITOWSKI, Judge.

As a stipulated settlement of his criminal appeal, appellant Charles Lee Spann agreed to waive his right to further appeals. Appellant contends the district court abused its discretion in dismissing his petition for postconviction relief based on this waiver.

## FACTS

In October 2000, appellant was convicted of two counts of first-degree criminal sexual conduct. The district court subsequently sentenced appellant to two consecutive 118–month sentences, an upward departure from the presumptive sentence of 86 months. Consecutive sentencing was permissive because appellant's convictions resulted from his crimes against two separate victims. Represented by counsel, appellant filed an appeal to this court, challenging his convictions and sentence. Specifically, appellant argued that his convictions should be reversed because of possible juror bias, improper admission of a taped interview, and prosecutorial misconduct. Appellant also claimed that the district court erred in imposing an upward sentencing departure.

After appellant's brief was filed but before the state's brief was due, the parties reached a stipulated resolution of appellant's appeal. The state agreed to recommend to the district court a modification of appellant's sentence to the guideline sentence of two consecutive 86–month terms. In exchange, appellant agreed to dismiss the pending appeal and waive all future appellate and postconviction review. The

parties filed with this court the written stipulation of this agreement, signed by both counsel and appellant personally, and this court dismissed appellant's appeal on August 14, 2001. Subsequently, appellant appeared in person and with counsel before the district court, and pursuant to the parties' stipulation, the district court resentenced appellant to two consecutive 86–month terms.

In May 2003, appellant filed a pro se petition for postconviction relief. Appellant subsequently retained the assistance of counsel and filed an amended petition for postconviction relief challenging the validity of his waiver of his right to appeal. The district court denied appellant's petition for postconviction relief, on the ground that following his conviction, sentencing, and submission of an appellate brief, appellant made a knowing, intelligent, and voluntary waiver of his right to appeal in order to obtain a known benefit.

## ISSUE

Did the postconviction court abuse its discretion in denying postconviction relief after finding appellant knowingly, intelligently, and voluntarily waived his right of appeal in exchange for a reduction in his previously imposed sentence?

## ANALYSIS

 Appellate courts review a postconviction court's findings to determine whether there is sufficient evidentiary support in the record. *Dukes v. State,* 621 N.W.2d 246, 251 (Minn.2001). Appellate courts give broad deference to a postconviction court's findings of fact and will not reverse the findings unless they are clearly erroneous. *Id.* And appellate courts will not disturb a postconviction court's decision unless the court abused its discretion. *Id.* "A petition for postconviction relief is a collateral attack on a judgment which car-

ries a presumption of regularity and which, therefore, cannot be lightly set aside." *Pederson v. State,* 649 N.W.2d 161, 163 (Minn.2002).

 Appellant argues that as a matter of public policy a criminal defendant cannot waive his right to appeal. Whether a defendant can waive the right to appeal is a question of law, which this court reviews de novo. *State v. Williams,* 664 N.W.2d 432, 434 (Minn.App.2003). There is no federal constitutional right to an appeal. *Id.* "But in Minnesota, 'a convicted defendant is entitled to at least one right of review by an appellate or postconviction court.'" *Id.* (quoting *Hoagland v. State,* 518 N.W.2d 531, 534 (Minn.1994)). A defendant may intentionally waive a known right or privilege if the waiver is knowing, intelligent, and voluntary. *Ballweber v. State,* 457 N.W.2d 215, 217 (Minn.App. 1990). But this court has held that a criminal defendant cannot waive the right to appeal the legality of a sentence. *Id.* at 218.

The postconviction court noted, and the parties concede, that the issue of whether a defendant can enter negotiations and waive his right to appeal after he has been convicted, sentenced, and filed an appellate brief is one of first impression in Minnesota. No other jurisdictions have addressed this specific issue. But as generally noted in a 1995 law review article "[a] substantial majority of state and federal courts which have considered appeal waivers have upheld them against broad per se challenges." Robert K. Calhoun, *Waiver of the Right to Appeal,* 23 Hastings Const. L.Q. 127, 135 (1995).

We conclude that based on the recognized right of a criminal defendant to waive a known right or privilege, and the reasoning of the only two Minnesota cases that have addressed the issue of a criminal defendant's ability to waive the right to

appeal, *Ballweber* and *Williams,* appellant has failed to show that the district court abused its discretion.

In *Ballweber,* the appellant pleaded guilty to escape and the district court imposed a stayed 15–month sentence. 457 N.W.2d at 216. At the sentencing hearing, the district court asked the parties if they understood that if it turned out that 15 months was not the correct sentence, they would not be able to appeal the sentence, and both parties stated that they understood. *Id.* at 217. But on appeal, this court concluded that a criminal defendant cannot waive his or her right to appeal from a sentence. *Id.* at 218. The *Ballweber* court reasoned that Minnesota law gives a criminal defendant an unconditional right to appeal from any sentence imposed or stayed, and, under the Minnesota Sentencing Guidelines, it is the role of the court, not the prosecutor, to determine the appropriate sentence. *Id.* at 217. Importantly, appellant here makes no claim that his modified sentence is not legal, or that it violates the Minnesota Sentencing Guidelines.

In *Williams,* this court upheld the appellant's waiver of his right to raise certain issues on appeal. 664 N.W.2d at 434. Williams was charged with third-degree driving while impaired, fleeing a police officer in a motor vehicle, and carrying a weapon without a valid permit. *Id.* at 433. At trial, the parties agreed that the state would drop the weapons charge and appellant would not raise on appeal any issues concerning the admission of the pistol's magazines. *Id.* The jury found the appellant guilty of the other two offenses, and the appellant filed an appeal contending that the waiver violated public policy and that the district court abused its discretion in admitting the magazines. *Id.*

In upholding the appellant's waiver, the *Williams* court noted that Williams did "not dispute that his waiver of the right to appeal, was knowing, intelligent, and voluntary. He argues instead that we should not honor the waiver on the ground that such waivers insulate convictions from appellate review and thereby weaken the integrity of the judicial system." *Id.* at 434 (quotation marks omitted). Importantly, the *Williams* court did not strike down the waiver of a right to appeal on public policy grounds. In addition, the *Williams* court specifically stated that it was not faced with a waiver of the right to appeal a sentence, noting that this court has held such a waiver invalid in *Ballweber.* *Id.* And finally, the court stated that it was not faced with a waiver of the right to appeal made as part of a plea bargain, noting that commentators had criticized such waivers on due-process grounds. *Id.*

After reviewing Minnesota law, including *Ballweber* and *Williams,* we conclude that under the facts here, we cannot say the district court abused its discretion in giving effect to appellant's waiver of his right to appeal. First, we note that this case does not involve a criminal defendant who waives his right to appeal as part of a guilty plea negotiation. Thus, this case does not involve a waiver that may be the product of prosecutorial overreaching. Rather, appellant waived his right to appeal only (1) after exercising his right to stand trial; (2) after being found guilty of two counts of first-degree criminal sexual conduct; (3) after the district court imposed an upward sentencing departure; and finally, (4) after filing a notice of appeal and brief with this court. And importantly, in return for the waiver, appellant received a known benefit, namely the presumptive sentence, which was 64 months less than the sentence initially imposed by the district court.

As noted in the Hastings law review article "[a] common line of reasoning in

cases upholding appeal waivers begins with the observation that nearly every right, constitutional or statutory, may be waived." 23 Hastings Const. L.Q. at 136 (quotation marks omitted). Likewise, the *Williams* court observed that "[a] defendant may intentionally waive a known right or privilege if the waiver is knowing, intelligent and voluntary." *Williams*, 664 N.W.2d at 434. Here, appellant does not dispute that his waiver was knowing, intelligent, and voluntary. And although he contends his waiver violates public policy, appellant does not cite controlling authority disallowing a waiver on these facts. We therefore conclude that absent any Minnesota authority prohibiting such a waiver, we cannot say the district court abused its discretion in dismissing appellant's postconviction petition.

## DECISION

Under current Minnesota law, it was not an abuse of discretion for the district court to deny appellant's request for postconviction relief and give effect to appellant's waiver of his right to appeal, where the waiver was entered into (1) knowingly, intelligently, and voluntarily; (2) following appellant's conviction, sentence, and filing of an appellate brief; and (3) in exchange for the known benefit of a sentence pursuant to the Minnesota Sentencing Guidelines.

**Affirmed.**

KLAPHAKE, Judge (dissenting).

I respectfully dissent. Although there is no federal constitutional right to an appeal, "a convicted defendant is entitled to at least one right of review by an appellate or postconviction court." *Hoagland v. State*, 518 N.W.2d 531, 534 (Minn.1994) (quotation omitted). In particular, postconviction statutory remedies exist so that fundamental issues of constitutional or statutory violations can be reviewed, even where a direct appeal has not been had. *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976).

This court has unequivocally stated that a defendant may not waive the right to appeal from a sentencing decision. *Ballweber v. State*, 457 N.W.2d 215, 218 (Minn. App.1990). We are now facing the issue we avoided in *State v. Williams*, 664 N.W.2d 432 (Minn.App.2003), *review denied* (Minn. Sept. 24, 2003). In *Williams*, we upheld defendant's waiver of his right to raise a specific evidentiary issue related to a charge that was dismissed during his jury trial. *Id.* at 434. We noted, however, that we were not faced "with a waiver of the right to appeal made as part of a plea bargain, which commentators have criticized on due-process grounds." *Id.* Issues of fairness and voluntariness of waiver are raised when a defendant seeks to bargain with a prosecutor who controls the charges brought against the defendant or, as here, dangles sentencing incentives to entice a defendant to forego his or her right to appeal. Appellant here raised issues beyond sentencing; although the stipulation may have satisfied any sentencing irregularity, it did not address what may be legitimate issues.

This court has also stated that certain issues, such as ineffective assistance of counsel, should properly be raised in a postconviction proceeding, because "[o]n direct appeal, the record may not be adequately developed to permit proper review of the ineffective assistance of counsel claim." *Harris v. State*, 470 N.W.2d 167, 169 (Minn.App.1991). When we permit a waiver of a defendant's right to appeal and to a postconviction review, we risk foreclosing appellate review of issues that may not be fully developed at the time of waiver. I would therefore reverse the district

court's dismissal of appellant's petition for postconviction relief.